UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK A. DEWITZ,

        Plaintiff,

        v.

COMMISSIONER, Social
Security Administration,

        Defendant.

Civil No. 05-6067-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

Plaintiff Mark A. Dewitz brings this action for judicial review of a final decision from

defendant Commissioner denying plaintiff's application for disability insurance benefits (DIB)

and Supplemental Security Income (SSI) payments.  Plaintiff filed an application for these

benefits in November 2001, which was denied initially and upon reconsideration.

Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  The ALJ issued

a ruling concluding that plaintiff was not entitled to benefits.  This decision became the

1   - OPINION AND ORDER

Commissioner's final decision upon the Appeals Council's denial of review.  *See* 20 C.F.R. §§

404.981, 416.1481, 422.210.  Plaintiff subsequently filed a Complaint seeking this court's

judicial review.

## LEGAL STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has

established a five-step sequential evaluation process for determining if a person is eligible for

benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v.*

*Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the

claimant is so engaged, disability benefits are denied.  If not, the Commissioner proceeds to step

two and determines whether the claimant has a medical impairment that meets the regulatory

definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment,

disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to

determine whether the impairment is equivalent to one or more impairments that the

Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. §

404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of

Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the

claimant is presumed conclusively to be disabled.

2  - OPINION AND ORDER

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§  404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance;

it is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The

Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one

rational interpretation, as long as one of the interpretations supports the decision of the ALJ.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at

1039-40.

At step two, the ALJ found that plaintiff had severe physical impairments including

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances in which the evidence would support either

outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v.

Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).  However, a decision supported

by substantial evidence still must be set aside if the Commissioner did not apply the proper legal

standards in weighing the evidence and making the decision.  *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the five-step analysis used by the Commissioner, the ALJ found that

plaintiff had not engaged in SGA since his alleged disability onset date.  Transcript of Record

(hereinafter "Tr.") 21, Finding 2.

At step two, the ALJ found that plaintiff had severe physical impairments including

depressive disorder and an anxiety disorder.  Tr. 21, Finding 3.

At step three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment.  Tr. 21, Finding 3.

At step four, the ALJ found that plaintiff is unable to perform his past relevant work.  Tr. 22, Finding 6.  The ALJ so found after determining that plaintiff has a RFC of lifting and carrying twenty pounds occasionally and ten pounds frequently; can walk forty-five to fifty minutes every hour; has moderate limitations in completing a normal workday or workweek; and a possible moderate limitation with interacting with the general public.  Tr. 22, Finding 5.

At step five, based in part upon the testimony of a Vocational Expert (VE), the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, such as working in such positions as a small products assembler, hand packager, and motel cleaner.  Tr. 22; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## FACTS

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and is summarized here.  Plaintiff was born October 16, 1955.  He alleges disability resulting from degenerative disk disease, post-traumatic stress disorder, depression, social anxiety, attention deficit disorder, and contact dermatitis.  Tr. 67.  Plaintiff has been treated at Veteran's Administration (VA) Hospitals in Oregon beginning in 1996.  Plaintiff received treatment for rashes, back and knee pain, and psychiatric problems.  More specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

## QUESTION PRESENTED

5   - OPINION AND ORDER

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits primarily due to alleged errors in the way in which the ALJ addressed medical evidence and plaintiff's testimony.  Plaintiff also contends that the ALJ failed to evaluate plaintiff's impairments properly, relied improperly upon "layperson expertise" regarding medical issues, and failed to meet the Commissioner's burden of proof at step five.  This court has examined each of plaintiff's arguments, and concludes that they are without merit.

## DISCUSSION

In concluding that plaintiff is not entitled to benefits, the ALJ rejected some opinions of medical personnel who treated or consulted with plaintiff.  Plaintiff contends that the ALJ erred in rejecting the opinions of each of plaintiff's treating physicians and substituting his own judgments instead.  Pl.'s Opening Brief at 23.

While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician.  *Andrews*, 53 F.3d at 1041.  An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ acknowledged that Peter Moulton, Ph.D., examined plaintiff in early 2002, diagnosing primary insomnia, depressive disorder, panic disorder without agoraphobia, and social phobia.  Tr. 15, 147-55.  Doctor Moulton opined that plaintiff would have significant difficulty with attendance, punctuality, pace, following variable instructions, and that his "social

phobia" would preclude his working with the general public.  Tr. 155.  However, the doctor also

noted that with assistance, plaintiff might become employable within six to twelve months.  *Id.*

  Later in 2002, Dr. Moulton, without further examination, added the opinion that plaintiff

would likely have difficulty learning and "carrying out new and changing work instructions."

Tr. 141.

  In evaluating Dr. Moulton's opinions, the ALJ considered that the doctor's assessments

were based upon a single examination, relied in part upon plaintiff's subjective reporting, which

was not entirely credible, and were not corroborated by other medical opinions, test reports of

plaintiff's mental status, and plaintiff's presentation at the hearing.  Tr. 16.  Specifically, the ALJ

discussed inconsistencies between Dr. Moulton's findings and opinions by Dr. Calvin Michael,

who examined plaintiff one day after Dr. Moulton's examination, Dr. Heidi Lundeen, M.D., Dr.

Glassman, M.D., and Dr. Nesbitt, M.D.  Tr. 16-18.  A medical expert, Larry Hart, Ph.D., testified

at the hearing and contradicted significant portions of Dr. Moulton's assessments.  Tr. 18-19,

410-18.  The ALJ also considered VA examiners, a third-party report from plaintiff's friend, and

an agency mental health review.  Tr. 19-20.  This evidence was reviewed thoroughly by the ALJ,

who determined that the evidence failed to support Dr. Moulton's opinions and contradicted them

in several respects.

  This court has reviewed the ALJ's analysis.  The court concludes that the ALJ considered

the medical opinions of record properly and did not err in his evaluation of them.  The ALJ set

forth adequately specific and legitimate reasons for the evaluation of opinions proffered by Dr.

Moulton and each of the other medical personnel who opined that plaintiff might have

significant impairments that precluded employment.

7  - OPINION AND ORDER

Plaintiff next challenges the ALJ's evaluation of plaintiff's testimony.  Plaintiff asserts

that the ALJ "simply asserts that Plaintiff's 'statements concerning his impairments are not

entirely credible in light of information contained in the medical reports and elsewhere in the

record.'"  Pl.'s Opening Brief at 26 (quoting Tr. 14).  While plaintiff quotes the ALJ's decision

correctly, the statement quoted merely summarized the ALJ's extensive analysis.

 If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ

must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See*

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what

testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v.*

*Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918

(9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must

determine whether the claimant has produced objective medical evidence of an underlying

impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. §

404.1529(a); *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citation and quotation

omitted).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.

1986) (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's

subjective symptom testimony.  If the claimant produces evidence that meets the *Cotton* test, and

there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the

severity of symptoms only by offering specific, clear, and convincing reasons for doing so.  *See*

*Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'"  *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407.

Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom.  This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon. Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . .  Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (emphasis added) (citing *Bunnell*, 947 F.2d at 347-48).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include:  a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms.  *Smolen*, 80 F.3d at 1284; 20 C.F.R. § 404.1529(c)(3).

9   - OPINION AND ORDER

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284.  In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*.  (citations omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so.  *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the ALJ examined the relevant medical reports extensively before concluding that plaintiff's testimony regarding the impact of his impairments was contradicted by medical evidence.  The ALJ acknowledged that plaintiff's self-reporting included descriptions of a variety of impairments, mental problems and his inability to work.  Tr. 14, 15, 17, and 18.  Plaintiff produced some objective medical evidence regarding his alleged impairments.

However, the ALJ also referred to clear and convincing evidence in the record supporting the ALJ's ultimate conclusion that plaintiff was not entirely credible.  The ALJ cited

10 - OPINION AND ORDER

inconsistencies between plaintiff's presentations and medical evaluations conducted by VA

examiners (Tr. 14-15, 17); a counselor (Tr. 15); Dr. Mary Becker, M.D. (Tr. 16); Dr. Heidi

Lundeen, M.D. (Tr. 16); Dr. Frederick Nesbitt (Tr. 16); reports created as a result of his work

activity program (Tr. 18); and evaluations performed by Dr. Anthony Glassman, M.D. (Tr. 18).

This evidence cast doubt upon plaintiff's RFC-related testimony because plaintiff's

reporting regarding his limitations was inconsistent with other evidence presented in the record

and was unsupported in the medical evidence. These kinds of contradictions between testimony

and relevant medical evidence, and specifically comparing a claimed impairment against the

absence of appropriate medical treatment for that impairment, can constitute clear and

convincing reasons to reject a claimant's subjective testimony. *See Johnson v. Shalala*, 60 F.3d

1428, 1433-1434 (9th Cir. 1995).

Moreover, the ALJ referred to evidence that plaintiff enjoys bicycling (riding 100 miles

per week) and seeks other people who shared that interest, and visits friends, shops, cooks, and

fishes, suggesting that he is not as limited as he testified. Tr. 16-19. The ALJ also referred to

plaintiff's performance in a VA work therapy program, which suggested that he could be capable

of greater work activity than he alleged. Tr. 19. An ALJ may properly consider a claimant's

activities when assessing his or her credibility. *See Thomas*, 278 F.3d at 958-959.

This court concludes that plaintiff's credibility was evaluated properly in light of the lack

of medical evidence to support the severity of limitations he claimed, and given the number of

inconsistencies between the record and plaintiff's statements and testimony. The ALJ offered

clear and convincing reasons for rejecting plaintiff's allegation of disability, and these reasons

are supported by substantial evidence.

11 - OPINION AND ORDER

Next, plaintiff contends that the ALJ erred in evaluating plaintiff's physical impairments. The ALJ concluded that plaintiff's physical impairments failed to qualify as "severe." Tr. 18.

As noted above, a claimant bears the initial burden of establishing his or her disability as to each of the steps one through four. *See* 20 C.F.R. § 404.1512(c). Specifically, the burden to establish the existence of a severe impairment that prevents a claimant from performing substantial gainful activity rests with the claimant. *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tackett*, 180 F.3d at 1098-99. This burden also includes establishing that the severe impairments or impairments lasted (or will last) for at least twelve continuous months. *See* 20 C.F.R. §§ 416.905, 416.912.

Medical evidence is essential for assessing the impacts of a claimant's impairments upon his or her ability to do basic work activities. *See* SSR 85-28. Non-severe impairments are those that do not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.921(a); *see also Bowen v. Yuckert*, 841 F.2d 303, 306 (1988) (citations omitted) (an impairment or combination of impairments is found "not severe" when the evidence establishes that the impairment is a slight abnormality that has no more than a minimal effect on an individual's ability to work).

"Basic work activities" include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 416.921(b)(1)-(6).

12 - OPINION AND ORDER

Conversely, an impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *Smolen*, 80 F.3d at 1290; SSR 96-3p.

Plaintiff contends that the ALJ erred in "dismissing every one of Plaintiff's physical impairments as non-severe, and then seemingly forgetting all about them when it came time to formulate an RFC." Pl.'s Opening Brief at 28. This is not so.

The ALJ acknowledged that plaintiff "produced some evidence of physical injuries," Tr. 17, and reviewed plaintiff's allegations of physical impairments thoroughly. Tr. 17-19. The ALJ's determination that plaintiff's physical problems were "mild" (Tr. 17) was supported by relevant medical evidence. This evidence includes medical descriptions that "there may be very slight narrowing of the L4-L5 disk space incidentally" in plaintiff's lumbar spine, and that there might be suggestions of "possible degenerated disk" changes. Tr. 293, 330. Also, as reviewed above, plaintiff's subjective descriptions of physical impairments were inconsistent with the medical evidence and the evidence of plaintiff's activities.

The ALJ concluded correctly that plaintiff failed to meet his burdens of proof as they pertain to his allegations of severe physical impairments. There is no medical evidence supporting physical impairments that exceeded those that were incorporated within the scope of limitations recognized by the ALJ. Tr. 19-22. Plaintiff failed to establish that he had severe physical impairments, and the ALJ's findings at step two were supported by substantial evidence in the record and are free of legal error.

Plaintiff's remaining arguments that the ALJ erred by allegedly substituting his own judgment in rejecting medical evidence, and by relying upon the informed testimony of the VE, are without merit. As established above, this court has reviewed the ALJ's analysis of the

13 - OPINION AND ORDER

relevant medical evidence and of plaintiff's RFC and concludes that the analysis is supported by

substantial evidence.  Similarly, the hypothetical questioning presented to the VE, and the ALJ's

subsequent interpretation of the testimony elicited from the VE, was proper.  *See Magallanes v.*

*Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (an ALJ is not bound to accept as true any

restrictions presented in a hypothetical question propounded by a claimant's counsel, but may

choose to accept these restrictions if they are supported by substantial evidence).  The

hypothetical questioning submitted to the VE was consistent with the objective medical

evidence.

## CONCLUSION

Based on the foregoing, the findings of the Commissioner are based upon the correct

legal standards and are supported by substantial evidence in the record.  The final decision of the

Commissioner denying plaintiff Mark A. Dewitz's applications for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this __12__ day of January, 2007.


　　　　　　　　　　　　　　___/s/ Ancer L. Haggerty___
　　　　　　　　　　　　　　ANCER L. HAGGERTY
　　　　　　　　　　　　　　United States District Judge